COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:         Luis Felipe Fierro v. The State of Texas

Appellate case numbers:    01-16-00906-CR

Trial court case numbers:   1302306

Trial court:                        174th District Court of Harris County

On August 5, 2016, appellant, Luis Felipe Fierro, after pleading guilty to the second-degree felony offense of tampering with a governmental record, without an agreed punishment recommendation, was adjudicated guilty and the trial court assessed his punishment at four years' confinement. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 37.10(a)(5), (c)(2)(A) (West Supp. 2016). On August 24, 2016, appellant, proceeding pro se, timely filed a motion for new trial which the trial court denied on August 25, 2016. On November 3, 2016, appellant, proceeding pro se, timely filed a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2). On November 14, 2016, the trial clerk's letter of assignment assigning appellant's notice of appeal to this Court listed "TO BE DETERMINED" as appellate attorney of record.

On November 17, 2016, the court reporter filed an info sheet in this Court stating that the reporter's record had not been filed because appellant had neither requested nor paid for the record and he was not appealing as indigent. On December 15, 2016, in compliance with a notice from the Clerk of this Court, the trial court clerk filed a supplemental clerk's record in this Court. This record attached the trial court's amended certification, signed on December 8, 2016, stating that this was not a plea-bargain case and that appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2)(B).

On November 30, 2016, the clerk's record was filed in this Court including, among other things, an order appointing Jacqueline Moore Gifford as appellant's trial counsel, signed on April 29, 2016, and a motion for substitution of counsel for appellant,

filed by new counsel André A. Wheeler on May 25, 2016. Because there was no written order in the clerk's record showing whether new counsel was appointed or retained and whether he had been discharged by the trial court as appellant's appellate counsel, and this appeal has not been exhausted, André A. Wheeler continues as counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2016) (requiring appointed attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). However, because no counsel was listed on the letter of assignment by the trial clerk, the Clerk of this Court is **directed to add André A. Wheeler** as appellant's counsel.

Accordingly, the Court sua sponte **abates** this appeal and **remands** the cause to the trial court for further proceedings. On remand, the trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, André A. Wheeler, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.[1]

We direct the trial court to:

1) determine whether appellant still wishes to pursue this appeal;
2) if appellant is indigent and wishes to pursue this appeal, determine whether appellant's counsel, André A. Wheeler, intends to represent appellant on this appeal or whether counsel should be permitted to withdraw;
   a. if André A. Wheeler seeks to withdraw, determine whether good cause exists to relieve him of his duties as appellant's counsel;
   b. if good cause exists to remove counsel, enter a written order relieving André A. Wheeler of his duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant, and direct the court reporter to file the reporter's record with the Clerk of this Court no later than 30 days from the date of the hearing;
   c. if good cause does not exist to remove counsel, provide a final deadline by which André A. Wheeler must file a request for the

---

[1]  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

reporter's record, which shall be no more than 30 days from the date of the hearing;

3) if appellant is not indigent and André A. Wheeler does not intend to represent appellant on appeal,

    a. if good cause exists to remove counsel, enter a written order relieving André A. Wheeler of his duties as appellant's counsel;

    b. determine whether appellant has retained a new attorney to represent him on appeal, and, if so, obtain the name, address, and telephone number of retained counsel;

    c. if appellant has not retained counsel and wishes to proceed *pro se*, admonish appellant of the dangers and disadvantages of self-representation, and

        i. determine whether appellant is knowingly and intelligently waiving her right to counsel, and

        ii. determine whether any decision by appellant to proceed *pro se* is in the best interest of appellant, the State, and the administration of justice; and

        iii. if so, obtain a written waiver of the right to counsel; and

        iv. set a date certain when appellant's request and confirmation of payment for the reporter's record will be made, with a copy to be filed with the Clerk of this Court, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or

        v. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney;

4) make any other findings and recommendations the trial court deems appropriate; and

5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04 (West Supp. 2016).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 30 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when a

compliant supplemental clerk's record and the supplemental reporter's record, if any, are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Laura C. Higley

☑ Acting individually　☐ Acting for the Court

Date: December 20, 2016